# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1546V
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DORIS STEINBACH, | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed:  August 4, 2016 |
| | * | |
| v. | * | Fact Ruling; Proof of |
| | * | Vaccination; Influenza ("flu") |
| SECRETARY OF HEALTH | * | Vaccine; Situs of Vaccination. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Paul Brazil*, Muller Brazil, LLP, Philadelphia, PA, for Petitioner.

*Ann Martin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### FACT RULING ON PROOF OF VACCINATION[1]

      In this petition, filed on December 18, 2015, Doris Steinbach seeks to establish that the influenza ("flu") vaccine that she received on September 17, 2014, caused her to develop right shoulder injuries, including neuropathy of the median and radial nerves. The existing documentary proof of vaccination confirms the date Ms. Steinbach received the vaccination, but specifies that she received it in her left arm – contrary to Ms. Steinbach's allegations. The parties have now requested a fact finding regarding the situs of vaccine administration in this case. *See* Resp't's Status Report, dated May 3, 2016 (ECF No. 12); Pet'r's Status Report, dated June 30, 2016 (ECF No. 13). After my review of the record, I find that the evidence preponderates in favor of Petitioner's allegation that she received the vaccination in her right arm.

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the ruling will be available to the public. *Id.*

1

I.   **Factual Background and Procedural History**

Petitioner received the flu vaccine on September 17, 2014, at a CVS Pharmacy in Athol, Massachusetts. *See* Petition (ECF No. 1) at 1-2, ¶ 2; Pet'r's Ex. 1 (filed as ECF No. 1-3) at 1-3. She alleges to have subsequently experienced right arm pain, for which she sought treatment at the end of October 2014. Petition at 4, ¶¶ 4-5. Ms. Steinbach alleges that the vaccine caused her to develop a neuropathy in her right arm. *Id.* at 5.

The proof of vaccination submitted in connection with Ms. Steinbach's petition plainly memorializes that she received a flu vaccine on the date alleged. Pet'r's Ex. 1 at 3. But that same record specifies (in a computer typewritten entry set forth in a box bearing the legend "Vaccine Administration Information") that she received it in her left deltoid. *Id.* Because Ms. Steinbach's injury was to her right arm, determining whether the vaccination record is in error is important to the success of her claim.

Petitioner first offers her own recollection of events to contest the vaccination record. *See* Affidavit, dated Mar. 30, 2016 (filed as Pet'r's Ex. 7 (ECF No. 10-1) ("Aff.")). She states that, contrary to the vaccination record, her flu shot was administered in her right shoulder. Aff. at 1 ¶ 2. As corroboration for her assertion, she notes that she had injured her left arm two days prior to receipt of the flu vaccination, and therefore had specifically asked the pharmacist responsible for administering the vaccine to do so in her right rather than left arm. *Id.* at ¶ 2.

Second, Ms. Steinbach cites to some of the medical records from the period after her vaccination to bulwark her claim. Petitioner first saw her primary care physician, Dr. Elizabeth Nottleson, about her arm pain on October 31, 2014 – six weeks from her vaccination. The record from that visit contains the statement that Ms. Steinbach "had a flu shot on 9/17/14 and it was given to her in her right arm and it still hurts." Pet'r's Ex. 3 (ECF No. 1-4) at 30. Other subsequent medical records similarly reference Ms. Steinbach's right arm as the situs of the vaccination. *See, e.g.*, Record from Jan. 26, 2015, visit to Dr. Nottleson (Pet'r's Ex. 3 at 21-2) ("shooting pain down the R arm at sight [sic] of injection"); Record from Mar. 2, 2015, visit to Dr. Nottleson (Pet'r's Ex. 3 at 11) ("[h]er R arm pain is related to get the flu shot in a low place on her arm and she has on going pain").

II.   **Analysis**

A Vaccine Act petitioner must, as a threshold matter in advancing a claim for damages, establish by a preponderance of the evidence receipt of "a vaccine set forth in the Vaccine Injury Table." § 300aa–11(c)(1)(A). The preponderance of the evidence standard means, among other things, that a factual allegation is established to be "more likely than not." *Moberly v. Sec'y of Health & Human Servs.*, 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010).

Contemporaneous medical records created at the time of the events they describe can be especially probative in resolving a fact dispute, because they are presumed to be accurate and "complete" (*i.e.*, presenting all relevant information on a patient's health problems). *Cucuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993). This presumption is based on the linked propositions that (i) sick people visit medical professionals, (ii) sick people (or their guardians in the case of minors) report their health problems to those professionals, and (iii) medical professionals record what they are told or observe in examining their patients. *Cucuras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 537, 543 (1992), *aff'd*, 993 F.2d 1525 (Fed. Cir. 1993).

Contemporaneous record evidence concerning the fact and circumstances of a vaccine's administration, however, are not absolutely required in all cases to prove facts about the vaccination. *Centmehaiey v. Sec'y of Health & Human Servs.*, 32 Fed. Cl. 612, 621 (1995) ("[t]he lack of contemporaneous documentary proof of a vaccination . . . does not necessarily bar recovery"). Special masters have found that vaccine administration occurred even in the absence of direct documentation,[2] based upon other medical records and/or witness testimony. More broadly, witness testimony can be used to overcome the presumption of accuracy afforded to contemporaneous medical records, if the testimony is "consistent, clear, cogent, and compelling." *Sanchez v. Sec'y of Health & Human Servs.*, No. 11-685V, 2013 WL 1880825, at *3 (Fed. Cl. Spec. Mstr. Apr. 10, 2013) (citing *Blutstein v. Sec'y of Health & Human Servs.*, No. 90-2808V, 1998 WL 408611, at *5 (Fed. Cl. Spec. Mstr. June 30, 1998)).

Based upon my review of the record, I find that Petitioner has established by preponderant evidence that she received the vaccine in her right arm. There is no doubt that the primary evidence of vaccination indicates Ms. Steinbach's left arm as the situs of vaccination. But I find that the single entry specifying administration in her left deltoid is rebutted by her own recollection of the actual situs, which is sufficiently "clear, cogent, and compelling" to overcome the record. Ms. Steinbach has provided a reasonable and plausible explanation for why she would not have received the vaccination in her left arm. In addition, there are medical records contemporaneous with her seeking of treatment that specify the right arm, and it is reasonable to conclude from them that Ms. Steinbach correctly informed her treaters of what she believed to a

---

[2] For example, corroborative, though backward-looking, medical notations have been found to tip the evidentiary scale in favor of vaccine receipt. *Lamberti v. Sec'y of Health & Human Servs.*, No. 99–507V, 2007 WL 1772058, at *7 (Fed. Cl. Spec. Mstr. May 31, 2007) (finding multiple medical record references to vaccine receipt constituted adequate evidence of administration); *Groht v. Sec'y of Health & Human Servs.*, No. 00–287V, 2006 WL 3342222, at *2 (Fed. Cl. Spec. Mstr. Oct. 30, 2006) (finding a treating physician's note—"4/30/97—Hep B. inj. # 1 (not given here) (pt. wanted this to be charted)"— to be sufficient proof of vaccination); *Wonish v. Sec'y of Health & Human Servs.*, No. 90–667V, 1991 WL 83959, at *4 (Cl. Ct. Spec. Mstr. May 6, 1991) (finding parental testimony "corroborated strongly by medical records [referring] back to the [vaccination]" to be sufficient to establish vaccine administration).

possible source for her pain, since she had only recently received the vaccination. Respondent for her part has offered no evidence or arguments to rebut this determination.

## CONCLUSION

Based upon the foregoing analysis, I hereby make the factual determination that Ms. Steinbach received the flu vaccine in her right arm on September 17, 2014.

This ruling makes no determination of any kind as to whether Ms. Steinbach's alleged injuries are a result of an adverse reaction to the flu vaccine. That will be the subject of future proceedings.

Any inquiries to my office, or questions regarding this ruling, may be directed to my chambers at (202) 357-6345.

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Special Master